Robert Muller (SBN 189651)
bob@cypressllp.com
Jessica P.G. Newman (SBN 309170)
jessica@cypressllp.com
**CYPRESS LLP**
11111 Santa Monica Boulevard, Suite 500
Los Angeles, CA 90025
Telephone:  424-901-0123
Facsimile:   424-750-5100

Attorneys for Plaintiff
Million Source Limited, Inc.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MILLION SOURCE LIMITED, Inc. a Hong Kong Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>PLASTIC-VIEW A.T.C., INC, a California Corporation and LENNY VENTURES, LLC, a Virginia Limited Liability Corporation,<br><br>Defendants. | **CASE NO. 2:22-CV-02166-FMO-AFM**<br><br>**PLAINTIFF MILLION SOURCE LIMITED, INC.'S NOTICE OF MOTION AND MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANT LENNY VENTURES, LLC; AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:        July 21, 2022<br>Time:        10:00 a.m.<br>Location     Courtroom 6D |

*MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST LENNY VENTURES, LLC*

1  **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

2   Notice is hereby given that on July 21, 2022 at 10:00 a.m., or as soon thereafter

3  as counsel may be heard before the Honorable Judge Fernando M. Olguin, located in

4  Courtroom 6D of the United Stated District Court of California, 350 W. 1st Street,

5  Los Angeles, California, 90012, Plaintiff Million Source Limited, Inc. ("MSL") will

6  and hereby does move the Court for entry of default judgment against Defendant

7  Lenny Ventures, LLC ("Defendant" or "Lenny Ventures") (the "Motion"). This

8  Motion is made pursuant to Federal Rule of Civil Procedure, Rule 55(b), which

9  provides for the Court's entry of a default judgment following entry of default by the

10  court clerk under Federal Rule of Civil Procedure, Rule 55, and L.R. 55-1.

11   This Motion is made on the grounds that:

12  1. Lenny Ventures was served with the Summons and Complaint on April 13,
   2022 (*see* Dkt. No. 18) and has not responded to the Complaint or otherwise
13
   appeared in this Action;
14
15  2. Default was entered by the Clerk against Lenny Ventures on June 1, 2022
   (*see* Dkt. No. 37);
16
17  3. Lenny Ventures is not an infant, incompetent person, in military service, or
   otherwise exempted under the Servicemembers Civil Relief Act (50 U.S.C.
18
   App 521);
19
20  4. MSL is now entitled to judgment against Lenny Ventures on its claim for
   breach of contract, or, in the alternative on its claim for money had and
21
   money received;
22
23  5. There is no just reason to delay entry of final judgment against Lenny
   Ventures (*see Shanghai Automation Instrument Co. v. Kuei*, 194 F. Supp.
24
   2d 995, 1005-1010 (N.D. Cal. 2001));
25
26  6. MSL seeks damages in the amount of One Million Two Hundred Fifty
   Thousand Dollars and No Cents ($1,250,000.00);
27
28

CYPRESS LLP
11111 Santa Monica Boulevard Suite 500
Los Angeles, California 90025
(424) 901-0123

MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST LENNY VENTURES, LLC

7. MSL seeks the recovery of costs incurred in the amount of $3,316.76 pursuant to Federal Rule of Civil Procedure 54(d) and 28 U.S.C. § 1920;

8. MSL seeks the recovery of prejudgment interest accrued between January 20, 2022 and June 16, 2022 calculated at $50,343.09, an prejudgment interest which continues to accrue at a daily rate of $342.47 until the date judgment is entered;

9. MSL seeks postjudgment interest at 10% per annum from the date of entry of judgment until paid; and

10. Notice of the amount requested and Motion for entry of default was served on Lenny Ventures by mail, and will also be served via personal service on the Clerk of the State Corporation Commission for the State of Virginia, pursuant to Virginia Code Section 13.1-1018 B.

This Motion for Entry of Default Judgment Against Defendant Lenny Ventures is based upon this Motion, the attached memorandum of points and authorities in support thereof, the declarations of Marita Leung, Ben Leung, Joseph Tremiti, Robert Muller, and Jessica P.G. Newman, the papers and records on file herein, and upon such oral and documentary evidence as may be presented at the hearing of this matter.

This Motion is exempt from conference of counsel pursuant to L.R. 7-3 because no counsel has appeared on behalf of Lenny Ventures.

DATED: June 16, 2022          **CYPRESS LLP**

By:    */s/ Robert J. Muller*
      Robert Muller
      Jessica P.G. Newman
      Attorneys for Plaintiff
      MILLION SOURCE LIMITED, INC.

MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST LENNY VENTURES, LLC

# **TABLE OF CONTENTS**

I.  INTRODUCTION ............................................................................- 1 -

II. FACTUAL AND PROCEDURAL BACKGROUND ...........................- 2 -

    A.  Defendants Breach the Sales and Purchase Agreement.................- 2 -

    B.  MSL's Numerous Demands for Return of the Deposit Go Unheeded........................................................................- 3 -

    C.  Procedural History..........................................................- 4 -

III. MSL SATISFIED THE PROCEDURAL REQUIREMENTS TO OBTAIN DEFAULT JUDGMENT .............................................- 5 -

IV. THE COURT HAS PERSONAL JURISDICTION OVER LENNY VENTURES ..................................................................- 6 -

    A.  Purposeful Availment.......................................................- 7 -

    B.  Relatedness ...............................................................- 7 -

    C.  Reasonableness............................................................- 8 -

V.  THE COURT HAS SUBJECT MATTER JURISDICTION ..................- 8 -

VI. DEFAULT JUDGMENT IS WARRANTED UNDER THE *EITEL* FACTORS ..................................................................- 8 -

    A.  MSL Would be Prejudiced Absent a Default Judgment Against Lenny Ventures .............................................................- 9 -

    B.  MSL's Claims are Sufficiently Meritorious..................................- 9 -

        1.  MSL's Claim for Breach of Contract is Sufficiently Plead...............................................................- 10 -

        2.  Alternatively, the Claim for Money Had and Money Received is Sufficiently Plead ........................................- 11 -

    C.  The Amount of Damages at Stake Is Reasonable .........................- 12 -

    D.  There is No Possibility of Dispute Regarding the Material Facts.......................................................................- 13 -

    E.  The Default Was Not Entered Due to Excusable Neglect ...........- 13 -

    F.  Default Should Be Entered Despite the Policy Favoring Decision on the Merits .....................................................- 14 -

CYPRESS LLP
11111 Santa Monica Boulevard Suite 500
Los Angeles, California 90025
(424) 901-0123

MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST LENNY VENTURES, LLC

VII.   THERE IS NO JUST REASON TO DELAY ENTRY OF
       JUDGMENT AGAINST LENNY VENTURES ...................................- 14 -

VIII.  MSL'S REQUESTED REMEDY ...............................................- 15 -

       A.    Damages and Interest ...................................................- 15 -

       B.    Costs ..........................................................................- 17 -

IX.    CONCLUSION...................................................................- 17 -

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

CYPRESS LLP
11111 Santa Monica Boulevard Suite 500
Los Angeles, California 90025
(424) 901-0123

MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST LENNY VENTURES, LLC

# TABLE OF AUTHORITIES

**Cases**                                                                                                    **Page(s)**

*ACI Licensing LLC v. CR Licensing, LLC*,
    No. 217CV07480RGKGJS, 2018 WL 4191488 (C.D. Cal. Feb. 7,
    2018) ......................................................................................................... 16

*Acree v. Gen. Motors Acceptance Corp.*,
    92 Cal. App. 4th 385 (2001) ...................................................................... 15

*Aviles v. Kunkle*,
    978 F.2d 201 (5th Cir. 1992) ....................................................................... 6

*Ballard v. Savage*,
    65 F.3d 1495 (9th Cir. 1995) .................................................................. 7, 8

*Brandon & Tibbs v. George Kevorkian Accountancy Corp.*,
    226 Cal. App. 3d 442 (1990) ...................................................................... 16

*Burger King Corp. v. Rudzewicz*,
    471 U.S. 462 (1985) ................................................................................. 7, 8

*Christofferson v. All Pure Pool Serv. of Cent. California, Inc.*,
    No. 118CV01370AWISAB, 2020 WL 3249323 (E.D. Cal. June 16,
    2020) ........................................................................................................... 9

*Danning v. Lavine*,
    572 F.2d 1386 (9th Cir. 1978) ..................................................................... 9

*Data Disc, Inc. v. Systems Technology Assocs.*,
    557 F.2d 1280 (9th Cir. 1977) ..................................................................... 6

*Dole Foods Co., Inc. v. Watts*,
    303 F.3d 1104 (9th Cir. 2002) ..................................................................... 6

*Dr. JKL Ltd. v HPC ITEDuc. Ctr.*
    749 F. Supp. 2d 1038 (N.D. Cal. 2010) ...................................................... 9

*Eitel v. McCool*,
    782 F.2d 1470 (9th Cir. 1986) ............................................................*passim*

CYPRESS LLP
11111 Santa Monica Boulevard Suite 500
Los Angeles, California 90025
(424) 901-0123

MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST LENNY VENTURES, LLC

*Geddes v. United Fin. Grp.*,
    559 F.2d 557 (9th Cir. 1977) .................................................................. 9

*Morrill v. Scott Fin. Corp.*,
    873 F.3d 1135 (9th Cir. 2017) ............................................................... 7

*Oasis W. Realty, LLC v. Goldman*,
    51 Cal. 4th 811 (2011) ..................................................................... 10, 11

*PepsiCo, Inc. v. Cal. Sec. Cans*,
    238 F. Supp. 2d 1172 (C.D. Cal. 2002) .......................................*passim*

*Schwarzenegger v. Fred Martin Motor Co.*,
    374 F.3d 797 (9th Cir. 2014) ................................................................. 7

*Shanghai Automation Instrument Co. v. Kuei*,
    194 F. Supp. 2d 995 (N.D. Cal. 2001) ............................................ 14, 15

*Tech. LED Intell. Prop., LLC v. Revogi*,
    LLC, No. 18-CV-03827-JSC, 2019 WL 2716610 (N.D. Cal. June
    27, 2019) .............................................................................................. 13

*In re Tuli*,
    172 F.3d 707 (9th Cir. 1999) ................................................................. 6

*Zaftig Instantly Processed Payments Corp. v. Story*,
    No. CV0907120DMGAJWX, 2011 WL 13213811 (C.D. Cal. Mar.
    7, 2011) .......................................................................................... 12, 13

**Statutes**

28 U.S.C. § 1332 ......................................................................................... 8

28 U.S.C. § 1920 ....................................................................................... 17

Cal. Civ. Code § 3287 .............................................................................. 16

Cal. Civ. Code § 3289(b) .......................................................................... 16

Cal. Civ. Proc. Code § 410.10 ................................................................... 6

code section .............................................................................................. 14

Virginia Code Section 13.1-1018 B ................................................. 5, 6, 14

MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST LENNY VENTURES, LLC

CYPRESS LLP
11111 Santa Monica Boulevard Suite 500
Los Angeles, California 90025
(424) 901-0123

**Other Authorities**

Fed. R. Civ. Proc. Rule 1 ................................................................................. 16

Fed. R. Civ. Proc. Rule 4(k)(1)(A) ..................................................................... 6

Fed. R. Civ. Proc. Rule 54(b) ........................................................................... 14

Fed. R. Civ. Proc. Rule 54(d) ........................................................................... 17

Fed. R. Civ. Proc. Rule 55(b) ........................................................................... 15

Fed. R. Civ. Proc. Rule 55(b)(2) ......................................................................... 5

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

In late 2021, Plaintiff Million Source Limited, Inc. ("MSL" or "Plaintiff") decided to use its connections and experience to help supply personal protective equipment ("PPE") to entities in need throughout the world. In January of 2022, MSL entered into a Sale and Purchase Agreement ("SPA") with Defendants Plastic-View A.T.C., Inc. ("Plastic-View") and Lenny Ventures, LLC ("Lenny Ventures" and collectively "Defendants") for the purchase of a large quantity of medical examination gloves. Declaration of Marita Leung, ("M. Leung Decl.") ¶ 4; Declaration of Ben Leung ("B. Leung Decl.") ¶ 3. Plastic-View represented that it had significant quantities of PPE ready to ship and could deliver the remaining promised amounts in monthly installments over the next year. M. Leung Decl., Ex. 2, ¶¶ 2, 3, 10(b), 13. In keeping with the terms of the SPA, Plastic-View directed MSL to make an initial deposit of $1,250,000.00 (the "Deposit") to be held in escrow by Plastic-View's nominee Lenny Ventures. The Deposit was to remain untouched.

MSL complied with the SPA, Lenny Ventures and Plastic-View did not. On January 5, 2022, MSL wired the Deposit to Lenny Ventures Chase Bank Account (the "Chase Account"). M. Leung Decl., ¶ 6, Ex. 2 ¶ 11(b), Ex. 3; B. Leung Decl., ¶ 4. Once MSL wired these funds, Lenny Ventures and Plastic-View should have arranged for issuance of a bank guarantee no later than January 10, 2022. Id., Ex.1, Ex. 2 ¶ 10(a). Despite repeated demands, MSL never received the bank guarantee. M. Leung Decl., ¶¶ 8, 12; B. Leung Decl. ¶ 10. It also never received the PPE. M. Leung Decl., ¶¶ 7-9, 11-12; B. Leung Decl., ¶¶ 5-10. Ultimately, MSL realized that Defendants could not perform as agreed, cancelled the SPA and demanded the return of the Deposit. M. Leung Decl., ¶ 10, Ex. 4; B. Leung Decl., ¶ 7, Ex. 5. Lenny Ventures went radio silent. Declaration of Robert Muller ("Muller Decl.") ¶ 8.

CYPRESS LLP
11111 Santa Monica Boulevard Suite 500
Los Angeles, California 90025
(424) 901-0123

- 1 -

## II.    FACTUAL AND PROCEDURAL BACKGROUND

In late 2021, MSL entered into negotiations with Plastic-View to purchase large quantities of medical gloves. M. Leung Decl., ¶ 2; B. Leung Decl., ¶ 2.

Prior to entering into a purchase agreement, MSL received an Undertaking Letter signed by Lenny Ventures. M. Leung, Decl., ¶ 3, Ex. 1. Per the Undertaking Letter, Lenny Ventures agreed that after receiving an initial deposit of $1,250,000.00 it would block distribution of the funds for a period of eight months and one day. *Id.* Ex. 3. Further, the Undertaking Letter provided that the "funds were not permitted to be withdrawn, moved or transferred . . . without written approval notice from [Plastic-View]." *Id.* In addition, Lenny Ventures was required to obtain a bank guarantee within three banking days of receiving the funds. *Id.*

On January 3, 2022, MSL and Plastic-View entered into a Sales and Purchase Agreement pursuant to which Plastic-View agreed to supply MSL with "Cranberry Evolve 300" medical gloves to be delivered to a warehouse in Los Angeles, California, in monthly lots over the next twelve months (the "Product"). M. Leung Decl., ¶ 4, Ex. 1. Plastic-View designated Lenny Ventures as its nominee and directed MSL to make the initial deposit to Lenny Venture's Chase Bank account in Fairfax, Virginia. *Id.* ¶¶ 4-6, Ex. 2 ¶ 11(b); B. Leung Decl., ¶ 4.

On January 5, 2022, per the terms of the SPA, MSL wired $1,250,000.00 to Plastic-View's nominee Lenny Ventures' (the "Deposit") Chase Bank account, with an address of a bank branch located in Fairfax, Virginia (the "Chase Account"). M. Leung Decl., ¶ 6, Ex. 5.

### A.    Defendants Breach the Sales and Purchase Agreement

Once MSL wired the Deposit, Plastic-View had fifteen days to arrange for an inspection and the delivery of the Product. *Id.*, Ex. 2 ¶¶ 10(b), 14. Therefore the first delivery should have taken place no later than January 20, 2022, with Plastic-View arranging an inspection at its warehouses prior to that day. *Id.*, ¶ 14. Plastic-View and Lenny Ventures were also obligated to secure the issuance of a bank guarantee no

CYPRESS LLP
11111 Santa Monica Boulevard Suite 500
Los Angeles, California 90025
(424) 901-0123

later than January 10, 2022. M. Leung Decl., Ex. 1, Ex. 2 ¶ 10(b). None of these events took place. *Id.* ¶¶ 7-12; B. Leung Decl., ¶¶ 5-10.

Over the next several weeks, Plastic-View offered a variety of excuses as to why inspections were delayed. M. Leung Decl., ¶ 9; B. Leung Decl. ¶¶ 5-6, 9. On several occasions, inspections were scheduled only to be cancelled at the last minute. M. Leung Decl., ¶ 9; B. Leung Decl. ¶ 5. It became clear that Plastic-View lacked the ability to deliver as promised under the SPA, failing to even provide the address of warehouses supposedly housing the Product. M. Leung Decl., ¶¶ 9, 10, Ex. 4; B. Leung Decl. ¶ 5. Plastic-View and Lenny Ventures also failed to secure issuance of a bank guarantee despite repeated demands. M. Leung Decl., ¶¶ 6-7,12; B. Leung Decl. ¶¶ 8, 10, Ex. 6.

**B.    MSL's Numerous Demands for Return of the Deposit Go Unheeded**

On January 28, 2022, after numerous cancelled inspections MSL, concluding that Plastic-View was unable to deliver the Product as promised, wrote to Plastic-View demanding the return of its Deposit within twenty-four hours. M. Leung Decl., ¶ 10, Ex. 4. MSL did not receive a response to this request. *Id.*

On February 2, 2022, MSL again demanded the immediate return of its Deposit, per Sections 23(k) and 26(c) of the SPA. M. Leung Decl., ¶ 11; B. Leung Decl. ¶¶ 6-7, Ex. 5. Rather than return the Deposit, as required under the SPA, Plastic-View responded on February 4, 2022 that it was "trying to track the funds." B. Leung Decl., ¶7, Ex. 5. Yet, this response made little sense as the funds could not be disbursed without Plastic-View's written consent. M. Leung, Ex. 1. Plastic-View's response prompted concern that the Deposit would be lost altogether.

February 10, 2022, counsel for MSL wrote to Plastic-View requesting return of the Deposit or the immediate issuance of a Bank Guarantee. Declaration of Joseph Tremiti ("Tremiti Decl."). Plastic-View did not respond to this initial letter. *Id.*, ¶ 2, Ex. 8.

MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST LENNY VENTURES, LLC

CYPRESS LLP
11111 Santa Monica Boulevard Suite 500
Los Angeles, California 90025
(424) 901-0123

On March 17, 2022, counsel for MSL wrote to Plastic-View and Lenny Ventures and unequivocally cancelled the SPA. Muller Decl., ¶ 2, Ex. 9. MSL demanded that Plastic-View and Lenny Ventures immediately return the Deposit. *Id.* Ex 9. Plastic-View responded that it was "working on resolving the issue" but did not enumerate any steps taken to secure the return of the Deposit. *Id.*, ¶ 4, Ex. 11. To the contrary, Plastic-View suggested it had no control over the funds, noting that they were received by Plastic-View's nominee, Lenny Ventures. *Id.*, Ex. 11. Plastic-View claimed that Lenny Ventures and its apparent supplier, a United Kingdom entity called ACM Holdings, Ltd. ("ACM") were in control of the funds. *Id.*, Ex. 11.

On March 23, 2022, counsel for MSL wrote a third letter to Plastic-View. *Id.*, ¶ 5, Ex. 12. The third letter renewed MSL's cancellation of the SPA as of March 17, 2022 and reiterated the demand for the immediate return of MSL's Deposit. *Id.*, Ex. 12.

On March 27, 2022, Plastic-View, at MSL's request sent a demand letter to Lenny Ventures and ACM demanding the return of MSL's funds by March 31, 2022. *Id.*, ¶ 7, Ex. 14. Neither party responded. *Id.*, ¶ 7.

Lenny Ventures has not responded at all to MSL's repeated demands for return of the Deposit. M. Leung Decl., ¶ 10; Muller Decl., ¶¶ 3, 8. Lenny Ventures also has not appeared in this Action.

## C.    Procedural History

On April 1, 2022, MSL filed suit against Defendant Plastic-View and Lenny Ventures. Dkt. No. 1.

On May 3, 2022, the Court granted MSL's *Ex Parte* Application for (1) Temporary Restraining Order (2) Order to Show Cause re Preliminary Injunction; and (3) an Order for Expedited Discovery. (Dkt No. 21).

On May 31, 202, MSL filed a Request for Entry of Default. (Dkt. No. 35). The Clerk entered a default against Lenny Ventures, the next day. (Dkt. No. 37). On June 2, 2022, the Court issued an in chambers order requiring MSL to file and serve

MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST LENNY VENTURES, LLC

a Motion for Default against Lenny Ventures no later than June 16, 2022. (Dkt. No. 38). Thus, MSL filed the present Motion and will concurrently arrange for service on Lenny Ventures via the Clerk of State Corporation Commission for the State of Virginia, pursuant to Virginia Code Section 13.1-1018 B and by serving a copy of the papers via overnight mail to Lenny Ventures' last known mailing address. Declaration of Jessica P.G. Newman ("Newman Decl."), ¶ 8.

## III. MSL SATISFIED THE PROCEDURAL REQUIREMENTS TO OBTAIN DEFAULT JUDGMENT

The Clerk entered default against Lenny Ventures. Pursuant to Local Rule 55-1, the Declaration of Robert Muller submitted herewith states: (1) when and against whom default was entered; (2) the pleading to which default was entered; (3) that Lenny Ventures is not an infant or incompetent person; (4) that the Soldiers' and Sailors' Civil Relief Act of 1940 is inapplicable; and (5) that MSL will provide notice to Lenny Ventures even though it has not appeared. Muller Decl. ¶¶ 9-15. Accordingly, MSL seeks the remedies set forth in the Complaint, and Federal Rule of Civil Procedure 55(b)(2) authorizes the Court to enter default judgment against Lenny Ventures. *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1174 (C.D. Cal. 2002).

In addition, Lenny Ventures was properly served. On April 6, 2022, Plaintiff used a process server to serve Lenny Ventures at the registered address of 100 Princess Anne Street, Apt. 21 Fredericksburg, Virginia 22401. Newman Decl., ¶ 4. The process server subsequently informed counsel's office that no such address existed. The resident living in apartment 121 claimed not to know Lenny Ventures' registered agent, Craig Jones. *Id.*, Ex. 18. Prior correspondence sent to Lenny Ventures at its registered address was also returned to Plaintiff's counsel with a notification of "insufficient address" and a notice that the postal service was "unable to forward." *Id.*, ¶ 5, Ex. 19.

C Y P R E S S   L L P
11111 Santa Monica Boulevard Suite 500
Los Angeles, California 90025
(424) 901-0123

- 5 -

As the address registered by Lenny Ventures with the Clerk of the State
Corporation did not exist, and Lenny Ventures' registered could not be located
following reasonable efforts by Plaintiff, service of the Summons and Complaint
was effectuated pursuant to Virginia Code Section 13.1-1018 B on April 12, 2022.
(Dkt No. 18). Lenny Ventures did not respond or otherwise appear in this Action.

## IV.    THE COURT HAS PERSONAL JURISDICTION OVER LENNY VENTURES

In the Ninth Circuit, the district court must confirm there is personal
jurisdiction over a defaulted party. *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999).
Federal Rule of Civil Procedure 4(k)(1)(A) authorizes district courts to exercise
personal jurisdiction to the extent authorized by the law of the state in which they
sit. California's long-arm statute, Cal. Civ. Proc. Code § 410.10, authorizes
personal jurisdiction coextensive with the Due Process Clause of the U.S.
constitution. *Data Disc, Inc. v. Systems Technology Assocs.*, 557 F.2d 1280, 1286
(9th Cir. 1977). MSL's claims do not rest on any federal statute providing a
standard for personal jurisdiction, so California law applies to determine whether
personal jurisdiction exists. *See Aviles v. Kunkle*, 978 F.2d 201, 204 (5th Cir. 1992).
"Because California's long-arm jurisdictional statute is coextensive with federal due
process requirements, the jurisdictional analyses under state law and federal due
process are the same." *Dole Foods Co., Inc. v. Watts*, 303 F.3d 1104, 1110 (9th Cir.
2002) (citing Cal. Civ. Proc. Code § 410.10).

Jurisdiction may be general or specific. Specific jurisdiction exists when: "(1)
the defendant has performed some act or consummated some transaction within the
forum or otherwise purposefully availed himself to the privileges of conducting
activities in the forum, (2) the claim arises out of or results from the defendant's
forum-related activities, and (3) the exercise of jurisdiction is reasonable."

/ / /

/ / /

MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST LENNY VENTURES, LLC

### A.    Purposeful Availment

The Ninth Circuit "generally appl[ies] the purposeful availment test when the underlying claims arise from a contract, and the purposeful direction test when they arise from alleged tortious conduct." *Morrill v. Scott Fin. Corp.*, 873 F.3d 1135, 1142 (9th Cir. 2017). "A showing that a defendant purposefully availed himself of the privilege of doing business in a forum state typically consists of evidence of the defendant's action in the forum, such as executing or performing a contract there." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2014) (quoting *Hanson v. Deckla*, 357 U.S. 235, 253 (1958)). Similarly, "[t]he 'purposeful availment' requirement is satisfied if the defendant . . . has created continuing obligations to forum residents." *Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir. 1995).

"Parties who reach out beyond one state and create continuing relationships and obligations with citizens of another state' are subject to regulation and sanctions in the other State for the consequences of their activities. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 473 (1985). Here, Lenny Ventures reached into the state of California to hold the money in escrow as nominee. M. Leung Decl., Ex. 1, Ex. 2, pg. 7. Lenny Ventures agreed to serve as Plastic-View's nominee for the SPA. *Id.*, Ex.1, Ex. 2, pg. 7. Plastic-View is a California entity. *Id.*, Ex. 1, pg. 3. The SPA called for the delivery of goods in California and is governed by California law. *Id.*, Ex. 2 ¶ 27(x). Lenny Ventures also signed an "Undertaking Letter" agreeing to hold the $1.25 million Deposit for a period of eight months and one day and acknowledging that the assets could not be "withdrawn, moved or transferred" during this period without written approval from Plastic-View. *Id.*, Ex. 1. Thus, Lenny Ventures "created continuing obligations to forum residents."

### B.    Relatedness

As to the second element of the specific jurisdiction test, plaintiff must show that its claims arise out of or relate to Lenny Ventures' forum-related activities.

CYPRESS LLP
11111 Santa Monica Boulevard Suite 500
Los Angeles, California 90025
(424) 901-0123

Here, all of the claims asserted against Lenny Ventures arise out of Lenny Ventures' forum-related activities – namely Lenny Ventures' agreeing to serve as Plastic-View's nominee as part of MSL's purchase of goods to be delivered in California. MSL's claims against Lenny Ventures would not have arisen but for Lenny Ventures' contacts with California. Thus, the claim "arises out of forum-related activities and thereby satisfies the second requirement for specific jurisdiction. *Ballard*, 65 F.3d 1495 at 1500.

### C.    Reasonableness

Lenny Ventures bears the burden to "present a compelling case" that the exercise of jurisdiction would not be reasonable. *Burger King Corp.*, 471 U.S. at 477. Further, once purposeful availment has been established, the forum's exercise of jurisdiction is presumptively reasonable. *Ballard*, 65 F.3d at 1500. In light of its default, Lenny Ventures is unlikely to present any evidence of unreasonableness and, in any event cannot meet such a burden.

## V.    THE COURT HAS SUBJECT MATTER JURISDICTION

The Court has diversity jurisdiction under 28 U.S.C. section 1332. Plaintiff is a corporation incorporated under the laws of Hong Kong. Compl. ¶ 8. Plastic-View A.T.C., Inc. is a California corporation with its principal place of business in Simi Valley, California. *Id.* ¶ 9. Lenny Ventures is a Virginia Limited Liability Company with its principal place of business in Fredericksburg, Virginia. MSL seeks damages that "exceed $75,000." Compl. ¶ 11. Accordingly, the Court has diversity jurisdiction. *See* 28 U.S.C. 1332.

## VI.    DEFAULT JUDGMENT IS WARRANTED UNDER THE *EITEL* FACTORS

Once a plaintiff complies with the procedural requirements, the Court may enter default judgment consistent with the factor set forth in *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986). The *Eitel* factors are: (1) the merit of the plaintiff's substantive claims; (2) the sufficiency of the complaint; (3) the possibility of

CYPRESS LLP
11111 Santa Monica Boulevard Suite 500
Los Angeles, California 90025
(424) 901-0123

prejudice to the plaintiff; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Id.* at 1471-72.

### A.   MSL Would be Prejudiced Absent a Default Judgment Against Lenny Ventures

MSL will be significantly prejudiced if default judgment is not entered because MSL has no other recourse against Lenny Ventures. *See PepsiCo, Inc.* 238 F.Supp.2d at 1177 (where plaintiffs were likely without other recourse for recovery, prejudice factor weighed in favor of granting default judgment); *see also Dr. JKL Ltd. v HPC ITEDuc. Ctr.* 749 F. Supp. 2d 1038, 1048 (N.D. Cal. 2010) (finding prejudice for trademark and breach of contract claims); *Christofferson v. All Pure Pool Serv. of Cent. California, Inc.*, No. 118CV01370AWISAB, 2020 WL 3249323, at * 11 (E.D. Cal. June 16, 2020) ("If default judgment is not entered, Plaintiffs are effectively denied a remedy for the violations [of various contracts] alleged until such time as the Defendants in this action decide to appear in the litigation, which may never occur.").

To permit Lenny Ventures to simply keep MSL's money without giving MSL any recourse would be fundamentally unfair and would leave MSL without any recourse for Lenny Ventures' wrongdoing. Accordingly, this factor favors granting default judgment. *PepsiCo, Inc.*, 238 F.Supp.2d at1177.

### B.   MSL's Claims are Sufficiently Meritorious

"Under an [*Eitel*] analysis, the merits of the plaintiff[s'] substantive claims and the sufficiency of the complaint are often analyzed together." *Dr. JKL Ltd.*, 749 F.Supp.2d at 1048. These two factors require a plaintiff to "state a claim on which the [plaintiff] may recover." *Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978). After entry of default, well-pleaded factual allegations in the complaint are taken as true, except as to the amount of damages. *Geddes v. United Fin. Grp.*, 559

MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST LENNY VENTURES, LLC

F.2d 557, 560 (9th Cir. 1977). Here, the Complaint's detailed factual allegations and the evidence submitted with this Motion conclusively establish the factual basis of MSL's claim and Lenny Ventures' liability on the breach of contract claim. In the alternative, the well-pleaded allegations support a cause of action for money had, money received.

### 1. MSL's Claim for Breach of Contract is Sufficiently Plead

The elements of a breach of contract claim are: (i) the existence of the contract; (ii) Plaintiff's performance or excuse or nonperformance; (iii) Defendant's breach; and (iv) the resulting damages. *Oasis W. Realty, LLC v. Goldman*, 51 Cal. 4th 811, 821 (2011). The Complaint satisfactorily alleges each element.

The Complaint alleges in relevant part:

- "MSL received an Undertaking Letter signed by Lenny Ventures[.]" (Compl. ¶ 14).
- Per the Undertaking Letter, Lenny Ventures agreed that after receiving an in initial deposit of $1,250,000.00 it would block the distribution of funds for a period of eight moths and one day." *Id.*
- The deposit was "not permitted to be withdrawn, move[d] or transferred . . . without written approval notice from [Plastic-View]." *Id.*
- "Lenny Ventures was required to obtain a bank guarantee within three banking days of receiving the funds." *Id.*
- "On January 3, 2022, Plastic-View as 'the Seller,' Lenny Ventures as the Seller's 'Nominee,' and MSL as the 'Buyer' entered into a Sale and Purchase Agreement with MSL (the 'SPA')." *Id.*, ¶ 15.
- "Under the SPA, Plastic-View agreed to supply Cranberry Evolve 300, Powder Free Nitrile Examination Gloves for Medical & Dental application ("Product")." *Id.*, ¶ 16.
- Per the SPA, MSL "agreed to deposit $1,250,000.00 to Plastic-View 'or its nominee's account' within two business days." *Id.*,¶ 17.

MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST LENNY VENTURES, LLC

- "Plastic-View identified Lenny Ventures as its nominee and required that MSL make the initial deposit to Lenny Ventures." *Id.*
- "Plastic-View 'and/or' its nominee was obligated to obtain issuance of a bank guarantee in the same amount." *Id.*
- "On January 5, 2022, per the terms of the SPA, MSL wired $1,250,000.00 to Plastic-View's nominee Lenny Ventures' (the 'Deposit') Chase Bank Account, with an address of a bank branch located in Fairfax, Virginia (the 'Chase Account'). *Id.* ¶ 22.
- "Lenny Ventures confirmed receipt of the funds within 48 hours." *Id.*
- "Plastic-View and Lenny Ventures were also obligated to secure the issuance of bank guarantee no later than January 10, 2022." *Id.* ¶ 23.
- MSL did not receive a bank guarantee by January 10, 2022. *Id.* ¶ 27.
- As of February 2, 2022, MSL had not received any delivery of goods. *Id.*, ¶¶ 24-32.
- On February 2, 2022 "MSL demanded the immediate return of its Deposit per Section 26(c) of the SPA." *Id.*, ¶ 32.
- MSL made numerous demands for the return of its Deposit. These demands were unheeded. *Id.* ¶¶ 33-38.
- "As of the time of filing [the] Complaint, no response was received from Lenny Ventures." *Id.,* ¶ 38.
- MSL never received the gloves and never received its Deposit. *Id.* ¶ 42.

Based on the allegations above, which are deemed admitted, MSL has satisfied the elements of it breach of contract claim.

### 2. Alternatively, the Claim for Money Had and Money Received is Sufficiently Plead

In the alternative, the allegations above, are sufficient to support MSL's claim for Money Had and Money Received. "A plaintiff's common count for money had and received will lie upon any showing that 'the defendants are in

CYPRESS LLP
11111 Santa Monica Boulevard Suite 500
Los Angeles, California 90025
(424) 901-0123

possession of money which in equity and conscience they are bound to pay over." *Zaftig Instantly Processed Payments Corp. v. Story*, No. CV0907120DMGAJWX, 2011 WL 13213811, at *3 (C.D. Cal. Mar. 7, 2011) (quoting *Kreutz v. Livingston*, 15 Cal. 344, 346 (1860)). "A claim of money had and received can be used "to recover money obtained by false and fraudulent representations," regardless of any contractual agreement in existence." *Id.* (quoting *Supervalue, Inc. v. Wexford Underwriting Managers, Inc.*, 175 Cal. App. 4th 64, 79 (2009).

As set forth above, the well-pleaded allegations demonstrate that Lenny Ventures is in possession of MSL's Deposit, which it was bound to pay over. Therefore, MSL's claim for money had and money received is sufficiently plead.

## C.    The Amount of Damages at Stake Is Reasonable

Under the fourth *Eitel* factor, "the court must consider the amount of money at stake in relation to the serious ness of Defendant's conduct." *PepsiCo, Inc.*, 238 F.Supp.2d at 1176.

MSL seeks actual damages for Lenny Venture's breach of contract (or in the alternative on MSL's claim for money had and money received). Such damages, amounting to $1,250,000.000, occurred as a result of Lenny Ventures' failure to hold the funds in escrow as required under the SPA, obtain issuance of a bank guarantee as required under the SPA and Undertaking Letter and Lenny Ventures' failure to return the Deposit upon demand from both Plastic-View and MSL. M. Leung Decl., ¶¶ 3-6, 8, 10, 12-13, Exs. 1-4; B. Leung Decl., ¶¶ 2-4, 6-8, 10. MSL also seeks recovery of the prejudgment interest to which it is entitled under law.

Lenny Ventures served as a sham escrow agent and then kept MSL's $1.25 million to use for its own purposes. The amount sought by MSL is reasonable in view of Lenny Vetures' conduct. *See, e.g.*, *Zaftig Instantly Processed Payments Corp. v.* Story, No. CV0907120DMGAJWX, 2011 WL 13213811, at *4 (amount of $3,750,000 originally given as short-term loan to defendants was reasonable given

CYPRESS LLP
11111 Santa Monica Boulevard Suite 500
Los Angeles, California 90025
(424) 901-0123

1  defendants' conduct of convincing plaintiff to "invest money in sham entities by

2  misrepresenting them as future trading companies seeking investments" and then

3  "us[ing] this investment money for [defendants'] own purposes").

4      **D.    There is No Possibility of Dispute Regarding the Material Facts.**

5      No genuine dispute of material facts can exist given the Clerk's entry of

6  default. *PepsiCo, Inc.*, 238 F. Supp. 2d at 1177 ("Upon entry of default, all well-

7  pleaded facts in the complaint are taken as true, except those relating to damages.").

8  As detailed above, the Complaint alleged facts sufficient to establish that Defendant

9  breached the SPA. MSL gave Lenny Ventures $1.25 million, which was to be held

10 in escrow. M. Leung Decl., ¶¶ 3-6, 8, 10, 12-13, Exs. 1-4; B. Leung Decl., ¶¶ 2-4,

11 6-8, 10. These funds were to be used either to purchase PPE or returned to MSL

12 upon demand. M. Leung Decl., Ex. 2 ¶¶ 2, 10(a), 10(b), 13, 23(k). MSL never

13 received the PPE and Lenny Ventures never returned the Deposit. M. Leung Decl.,

14 ¶¶ 3-6, 8, 10, 12-13, Exs. 1-4; B. Leung Decl., ¶¶ 2-4, 6-8, 10. These facts cannot be

15 disputed. "Moreover by electing not to defend itself in this matter, [Lenny

16 Ventures] has forfeited any affirmative defenses that it might invoke based on

17 additional facts." *Zaftig Instantly Processed Payments Corp.*, No.

18 CV0907120DMGAJWX, 2011 WL 13213811, at *4 (C.D. Cal. Mar. 7, 2011).

19 Accordingly, this factor weighs in favor of entry of default judgment.

20     **E.    The Default Was Not Entered Due to Excusable Neglect**

21     The sixth *Eitel* factor considers whether default was entered as a result of

22 excusable neglect by Lenny Ventures. *Tech. LED Intell. Prop., LLC v. Revogi*,

23 LLC, No. 18-CV-03827-JSC, 2019 WL 2716610, at *5 (N.D. Cal. June 27, 2019).

24 This factor favors entry of default where the defendant was properly served with the

25 summons and complaint. *Id.* Here, MSL first attempted to serve Lenny Ventures at

26 the address registered with the state of Virginia as its principal place of business.

27 Newman Decl. ¶ 4. This was also the address identified in the Undertaking Letter.

28

- 13 -

CYPRESS LLP
11111 Santa Monica Boulevard Suite 500
Los Angeles, California 90025
(424) 901-0123

Leung Decl., Ex. 1. These attempts were unsuccessful, as the registered address did
not exist. Newman Decl., ¶¶ 4-5. Thus, after MSL's reasonably diligent attempts to
locate the registered agent were unsuccessful, MSL effectuated service to Virginia
Code Section 13.1-1018 B. *Id.*, ¶¶ 6-7. This code section provides in relevant part
that "whenever [a domestic limited liability company's] registered agent cannot
within reasonable diligence be found at the registered office, then the clerk of
Commission shall be made an agent of the limited liability company upon whom
service may be made in accordance with 12.1-19.1." Virginia Code Section 13.1-
1018 B. MSL served the clerk of Commission on April 13, 2020. Dkt. No. 14;
Newman Decl., ¶¶ 7-8. Lenny Ventures failed to respond and has not filed any
appearance in this matter. Accordingly, this factor weighs in favor of granting
MSL's Motion.

### F. Default Should Be Entered Despite the Policy Favoring Decision on the Merits

Although there is a general policy favoring resolving cases on the merits,
such a decision is "impractical, if not impossible" where the defendant has failed to
answer a complaint. *PepsiCo*, 238 F. Supp. 2d at 1177. As Lenny Ventures has not
appeared, default judgment is appropriate.

In sum, all of the *Eitel* factors weigh in favor of default judgment.

## VII. THERE IS NO JUST REASON TO DELAY ENTRY OF JUDGMENT AGAINST LENNY VENTURES

Under Federal Rule of Civil Procedure 54(b), the Court may "direct entry of
final judgment as to one or more, but fewer than all . . . parties only if the court
expressly determines that there is no just reason for delay." "[T]he factors that
militate in favor of entering a default judgment . . . would also tend to indicate
'there is no just reason for delay.'" *Shanghai Automation Instrument Co. v. Kuei*,
194 F. Supp. 2d 995, 1005 (N.D. Cal. 2001) (entering final judgment on claims of
conversion and breach of contract against default defendants even though non-

CYPRESS LLP
11111 Santa Monica Boulevard Suite 500
Los Angeles, California 90025
(424) 901-0123

defaulting defendant had appeared and filed an answer). Although MSL's claims against Defendant Plastic-View will remain pending after resolution of this Motion, MSL submits that "there is no just reason for delay" and, accordingly, asks the Court to enter final judgment against Lenny Ventures.

Both Plastic-View and Lenny Ventures wronged MSL. The nature of their wrongful conduct, though related, does not create the risk of a logically inconsistent adjudication. There is no question that Lenny Ventures should have: (1) held MSL's Deposit in escrow; (2) arranged for issuance of a bank guarantee; and (3) returned MSL's Deposit upon demand. Plastic-View's liability turns on its own independent conduct and "judgment against the other defendant[] would not necessarily be inconsistent with a judgment in favor of [the non-defaulting defendant Plastic-View]." *Shanghai Automation Instrument Co.*, 194 F. Supp. 2d at 1009. Further, entry of default judgment against one of multiple parties is warranted where "the danger that any damages awarded" are "likely to become increasingly uncollectible with the passage of time." *Id.* at 1010. Lenny Ventures' conduct to date demonstrates that any delay in entering judgment (and thus delaying Plastic-View's ability to collect) will likely render collection on the judgment entirely impossible. "Accordingly, entry of default judgment [against Lenny Ventures] is appropriate under Rule 55(b). *Id.*

## VIII.  MSL'S REQUESTED REMEDY

### A.    Damages and Interest

MSL is entitled to damages incurred due to Lenny Ventures' breach of the parties' contract.[1] MSL need not prove its damages with absolute certainty. *See Acree v. Gen. Motors Acceptance Corp.,* 92 Cal. App. 4th 385, 398 (2001) ("Where the fact of damages is certain, as here, the amount of damages need not be

---

[1] As set forth in Section VI(B)(2) MSL also asserts a claim for money had and money received against Lenny Ventures. The damages for this claim, which are sought in the alternative, would also be $1,250,000.00 plus interest and costs as set forth herein.

MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST LENNY VENTURES, LLC

CYPRESS LLP
11111 Santa Monica Boulevard Suite 500
Los Angeles, California 90025
(424) 901-0123

calculated with absolute certainty. The law requires only that some reasonable basis of computation be used, and the result reached can be a reasonable approximation.") (footnotes and internal citations omitted); *accord ACI Licensing LLC v. CR Licensing, LLC*, No. 217CV07480RGKGJS, 2018 WL 4191488, at *4 (C.D. Cal. Feb. 7, 2018).

"The basic object of damages is compensation" and the "party injured by a breach of contract should receive as nearly as possible the equivalent of the benefits of performance." *Brandon & Tibbs v. George Kevorkian Accountancy Corp.*, 226 Cal. App. 3d 442, 455 (1990). "The aim is to put the injured party in as good as a position as he would have been in had performance been rendered as promised." *Id.*

Notwithstanding the full scope of damages to which MSL is entitled, MSL seeks to simply the damages computation in order to reduce the proofs necessary to sustain the final judgment, in furtherance of securing "a just, speedy, and inexpensive determination." Fed. R. Civ. Pro. Rule 1. To that end, as to Defendant Lenny Ventures only, MSL only asserts its damages as the amount of its lost Deposit, pre-judgment interest, postjudgment interests and costs.

Through the declarations of Marita Leung and Ben Leung, MSL has established to a standard of reasonable certainty that it is entitled to at least $1,250,000.000 due to Lenny Ventures' wrongful conduct. M. Leung Decl., ¶¶ 6-13; B. Leung Decl., ¶¶ 3-8, 10. This represents the amount of MSL's lost Deposit.

In addition, accrued interest on the Deposit on the date Lenny Ventures should have obtained issuance of a bank guarantee (January 20, 2022) and the date of filing this Motion (June 16, 2022) is calculated at $50,343.09. *See* Cal. Civ. Code § 3287 and 3289(b) ("If a contract entered into after January 1, 1986, does not stipulate a legal rate of interest, the obligation shall bear interest at a rate of 10 percent per annum after a breach."); Newman Decl. ¶¶ 9-10. This interest will continue to accrue at a daily rate of $342.47 until judgment is entered against Lenny Ventures. *Id.* ¶¶ 9-10.

- 16 -

CYPRESS LLP
11111 Santa Monica Boulevard Suite 500
Los Angeles, California 90025
(424) 901-0123

Finally, MSL seeks postjudgment interest at 10% per annum from the date of entry of judgment until paid.

**B.    Costs**

As the prevailing party, MSL is entitled to its costs and totaling $3,316.76 pursuant to Federal Rule of Civil Procedure 54(d) and 28 U.S.C. § 1920. MSL's costs consist of its filing fee, process server fees associated with service of process on Lenny Ventures, and fees incurred in serving subsequently filed documents on Lenny Ventures.

**IX.    CONCLUSION**

For the foregoing reasons, MSL respectfully requests that this Court grant MSL's Motion for Default Judgment against Lenny Ventures on its breach of contract claim, or in the alternative on its claim for money had and received, and find Lenny Ventures liable to MSL for damages in principal amount of $1,250,000.00, plus prejudgment interest in the amount of $50,343.09 (which continues to accrue), plus costs in the amount of $3,316.76, plus postjudgment interest at 10% per annum from the date of entry of judgment until paid.

DATED: June 16, 2022            **CYPRESS LLP**

By:    */s/ Robert J. Muller*
       Robert Muller
       Jessica P.G. Newman
       Attorneys for Plaintiff
       MILLION SOURCE LIMITED, INC.

MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST LENNY VENTURES, LLC