UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-2166 FMO (AFMx) | Date | February 28, 2023 |
|---|---|---|---|
| Title | Million Source Limited, Inc. v. Plastic-View A.T.C., Inc., et al. | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge | |
|---|---|---|
| Gabriela Garcia | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorney Present for Plaintiff(s):  Attorney Present for Defendant(s):
None Present  None Present

**Proceedings:** (In Chambers) Order Re: Default Judgment

Having reviewed the briefing filed with respect to Million Source Limited, Inc.'s ("plaintiff" or "MSL") Motion for Entry of Default Judgment Against Defendant Lenny Ventures, LLC (Dkt. 40, "Motion"), the court finds that oral argument is not necessary to resolve the Motion, see Fed. R. Civ. P. 78(b); Local Rule 7-15; Willis v. Pac. Mar. Ass'n, 244 F.3d 675, 684 n. 2 (9th Cir. 2001), and concludes as follows.

**BACKGROUND[1]**

Plaintiff filed this action on April 1, 2022, against Plastic-View A.T.C., Inc. ("Plastic-View") and Lenny Ventures, LLC ("Lenny Ventures" and together with Plastic-View, "defendants"), asserting claims for: (1) breach of contract and (2) money had and received. (See Dkt. 1, Complaint at ¶¶ 9-10, 43-65). Plaintiff is a "Hong Kong entity with an affiliate that supplies personal protective equipment ('PPE')." (Id. at ¶ 1). Plastic-View is a California corporation, (id. at ¶ 9), and Lenny Ventures is a "Virginia Limited Liability Company with its principal place of business in [] Virginia." (Id. at ¶ 10).

Plaintiff alleges that in December 2021,[2] Plastic-View represented to plaintiff that it had access to significant quantities of medical grade gloves and could arrange for shipment to plaintiff. (See Dkt. 1, Complaint at ¶ 13). On December 29, 2021, "MSL received an Undertaking Letter signed by Lenny Ventures," by which "Lenny Ventures agreed that after receiving an initial deposit of $1,250,000.00 it would block the distribution of funds for a period of eight months and one day." (Id. at ¶ 14). Pursuant to the Undertaking Letter, the "funds were not permitted to be withdrawn, move[d] or transferred . . . without written approval notice from [Plastic-View,]" and "Lenny Ventures was required to obtain a bank guarantee within three banking days of receiving the funds." (Id.). According to plaintiff, it "believed that any deposit it paid to Plastic-View would

---

[1] Capitalization, quotation and alteration marks, and emphasis in record citations may be altered without notation.

[2] The Complaint at times refers to dates in 2022, which given the filing date of the Complaint, is clearly inadvertent. In such instances, the court will simply substitute 2021 for 2022.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-2166 FMO (AFMx) | Date | February 28, 2023 |
|---|---|---|---|
| Title | Million Source Limited, Inc. v. Plastic-View A.T.C., Inc., et al. | | |

remain untouched and was refundable at any time." (Id.).

On January 3, 2022, Plastic-View, as "Seller," Lenny Ventures, as the Seller's "Nominee," and MSL, as the "Buyer," entered into a Sale and Purchase Agreement ("SPA"). (See Dkt. 1, Complaint at ¶ 15); (Dkt. 1-2, SPA). Under the SPA, Plastic-View agreed to supply medical gloves, (see Dkt. 1, Complaint at ¶ 16), and MSL "agreed to deposit $1,250,000.00 to Plastic-View 'or its nominee's account' within two business days." (Id. at ¶ 17). Plastic-View "and/or" its nominee was obligated to obtain issuance of a bank guarantee in the same amount. (See id.). Under the SPA, Plastic-View identified Lenny Ventures as its nominee. (See id.).

On January 5, 2022, MSL wired $1,250,000 (the "Deposit") to Lenny Ventures' Chase Bank Account, located at a branch in Fairfax, Virginia (the "Chase Account"). (See Dkt. 1, Complaint at ¶ 22). Both Plastic-View and Lenny Ventures confirmed receipt within 48 hours. (See id.). After MSL wired the Deposit, Plastic-View had 15 days to arrange for an inspection of Plastic-View's warehouse, and delivery of the medical gloves. (See id. at ¶ 23). Thus, the first delivery should have taken place no later than January 20, 2022, with Plastic-View arranging an inspection at its warehouse prior to that day. (See id.). Defendants were also obligated to secure the issuance of a bank guarantee no later than January 10, 2022. (See id.). "None of these events took place." (Id.).

Following receipt of the Deposit, Plastic-View confirmed that an inspection would take place on January 15, 2022, but it did not provide key details such as the time and place of the inspection. (See Dkt. 1, Complaint at ¶ 24). When MSL asked for this information, Plastic-View responded by cancelling the inspection one day before it was scheduled to take place. (See id.). According to plaintiff, Plastic-View's "failure to arrange for a timely inspection and [] subsequent delivery [] amounted to breaches of the SPA" given the "time-is-of-the-essence clause in the SPA[.]" (Id.). "As of January 18, 2022, MSL had not received, nor even had the opportunity to inspect, a single shipment." (Id. at ¶ 27). MSL also had not received the agreed upon bank guarantee for the Deposit. (See id.).

On January18, 2022, MSL communicated with Plastic-View regarding the issues, including the issuance of a bank guarantee, (see Dkt. 1, Complaint at ¶ 28), but Plastic-View "continued to give MSL the run around." (Id. at ¶ 29). Between January 25, 2022, and February 2, 2022, MSL exchanged numerous communications with Plastic-View. (See id. at ¶ 31). Each time Plastic-View assured MSL that it was doing its best to perform under the SPA. (See id.).

After concluding that Plastic-View was unable to deliver the medical gloves, MSL wrote to Plastic-View on February 2, 2022, and demanded the immediate return of the Deposit pursuant to the SPA. (See Dkt. 1, Complaint at ¶ 32). On February 10, 2022, counsel for MSL wrote to Plastic-View requesting the return of the Deposit within seven business days or the immediate issuance of a bank guarantee as required under the SPA. (See id. at ¶ 36). Plastic-View did not respond. (See id.).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-2166 FMO (AFMx) | Date | February 28, 2023 |
|---|---|---|---|
| Title | Million Source Limited, Inc. v. Plastic-View A.T.C., Inc., et al. | | |

On March 17, 2022, counsel for MSL wrote to defendants and "unequivocally cancelled the agreements." (Dkt. 1, Complaint at ¶ 37). MSL demanded that defendants undertake all steps necessary to facilitate the immediate return of the Deposit. (See id.). As of April 1, 2022, MSL had not received any response from Lenny Ventures. (See id. at ¶ 38). However, Plastic-View responded, claiming that it was "diligently working on resolving the issue[,]" although it ignored the request to return the Deposit. (See id. at ¶ 39).

On March 23, 2022, MSL responded to Plastic-View by pointing out that it had cancelled the agreements and demanded that Plastic-View arrange for the immediate return of the Deposit. (See Dkt. 1, Complaint at ¶ 40). On March 28, 2022, Plastic-View sent a demand letter to a United Kingdom entity named ACM and Lenny Ventures. (See id. at ¶ 41). Plaintiff believes that Plastic-View intended to source the medical gloves from ACM. (See id.). The letter asked for the return of the Deposit. (See id.). As of April 1, 2022, there had been no further response. (See id.).

Lenny Ventures is the sole remaining defendant. (See Dkt. 65, Stipulation for Dismissal of Plastic-View). Plaintiff served Lenny Ventures on April 13, 2022, (see Dkt. 35-4, Proof of Service), and after Lenny Ventures failed to respond or otherwise appear, (see, generally, Dkt.), the court entered its default on June 1, 2022. (See Dkt. 37, Default by Clerk).

**LEGAL STANDARD**

Rule 55(a) of the Federal Rules of Civil Procedure provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." After the clerk enters default pursuant to Rule 55(a), the court may enter a default judgment against the party. See Fed. R. Civ. P. 55(b)(2). Upon entry of default, the well-pled factual allegations of the complaint are taken as true, with the exception of allegations concerning the amount of damages. See Geddes v. United Fin. Grp., 559 F.2d 557, 560 (9th Cir. 1977). The scope of relief is limited to the specific demand in the complaint. See Fed. R. Civ. P. 54(c).

Even where well-pled allegations exist, "[t]he district court's decision whether to enter a default judgment is a discretionary one." Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980). In exercising its discretion as to whether default judgment should be entered, the court considers the following factors: (1) the possibility of prejudice to plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. See Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986) (the "Eitel factors").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-2166 FMO (AFMx) | Date | February 28, 2023 |
|---|---|---|---|
| Title | Million Source Limited, Inc. v. Plastic-View A.T.C., Inc., et al. | | |

**DISCUSSION**

I.  LOCAL RULE 55-1.

Under the Local Rules for the Central District of California, applications for default judgment must include: "(a) [w]hen and against what party the default was entered; (b) [t]he identification of the pleading to which default was entered; (c) [w]hether the defaulting party is an infant or incompetent person[;] (d) [t]hat the Servicemembers Civil Relief Act (50 U.S.C. App. § 521) does not apply; and (e) [t]hat notice has been served on the defaulting party, if required by F.R.Civ.P. 55(b)(2)."  Local Rule 55-1.

Here, plaintiff has satisfied the procedural requirements for entry of default judgment. Specifically, plaintiff has established that:  (a) the court entered default against Lenny Ventures on June 1, 2022, (see Dkt. 37, Default by Clerk); (b) the default is based on Lenny Ventures's failure to respond to the Complaint, (see id.); (c) Lenny Ventures is neither an infant nor an incompetent person, (see Dkt. 40-12, Declaration of Robert Muller in Support of [] Motion for Entry of Default Judgment Against Defendant Lenny Ventures, LLC ("Muller Decl.") at ¶ 15); (d) Lenny Ventures is not in active military service, (see id.); and (e) Lenny Ventures was properly served with the summons and the Complaint.  (See Dkt. 35-4, Proof of Service).

II.  THE EITEL FACTORS.

Having concluded that default was properly entered, the court will now determine whether to enter default judgment against Lenny Ventures.

A.  The Possibility of Prejudice to Plaintiff.

The first Eitel factor considers whether plaintiff will suffer prejudice if default judgment is not entered.  Here, plaintiff would suffer prejudice if default judgment is not entered because it "would be denied the right to judicial resolution of the claims presented [as to Lenny Ventures' conduct], and would be without other recourse for recovery."  Electra Entm't Grp. Inc. v. Crawford, 226 F.R.D. 388, 392 (C.D. Cal. 2005).  Accordingly, the first factor weighs in favor of granting default judgment.

B.  The Merits of Plaintiff's Substantive Claims and the Sufficiency of the Complaint.

"Under an [Eitel] analysis, the merits of plaintiff's substantive claims and the sufficiency of the complaint are often analyzed together."  Dr. JKL Ltd. v. HPC IT Educ. Ctr., 749 F.Supp.2d 1038, 1048 (N.D. Cal. 2010).  These two factors require plaintiff to "state a claim on which [it] may recover[.]"  Danning v. Lavine, 572 F.2d 1386, 1388 (9th Cir. 1978).

Under California law, "the elements of a cause of action for breach of contract are (1) the existence of the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-2166 FMO (AFMx) | Date | February 28, 2023 |
|---|---|---|---|
| Title | Million Source Limited, Inc. v. Plastic-View A.T.C., Inc., et al. | | |

breach, and (4) the resulting damages to the plaintiff." Oasis W. Realty, LLC v. Goldman, 51 Cal.4th 811, 821 (2011). Here, plaintiff has sufficiently alleged a claim for breach of contract. First, plaintiff received an Undertaking Letter signed by Lenny Ventures, (see Dkt. 1, Complaint at ¶ 14), by which Lenny Ventures agreed (1) that after receiving an initial deposit of $1,250,000, "it would block the distribution of funds for a period of eight months and one day[,]" and (2) it would "obtain a bank guarantee within three days of receiving the funds." (Id.).

Second, pursuant to the SPA, on January 5, 2022, plaintiff wired the initial $1,250,000, to Lenny Ventures' Chase Bank Account, (see Dkt. 1, Complaint at ¶ 22), and Lenny Ventures confirmed receipt within 48 hours. (See id.). Third, Lenny Ventures did not obtain a bank guarantee and did not return the Deposit despite defendants' failure to deliver the PPE. (See id. at ¶¶ 27, 32-42). Last, plaintiff suffered damages as a result of Lenny Ventures' breach in that it has not received the Deposit.

      C.      The Amount of Money at Stake.

Under the fourth Eitel factor, "the court must consider the amount of money at stake in relation to the seriousness of Defendant's conduct." PepsiCo, Inc. v. Cal. Sec. Cans, 238 F.Supp.2d 1172, 1176 (C.D. Cal. 2002). "The Court considers Plaintiff's declarations, calculations, and other documentation of damages in determining if the amount at stake is reasonable." Truong Giang Corp. v. Twinstar Tea Corp., 2007 WL 1545173, *12 (N.D. Cal. 2007).

"For the breach of an obligation arising from contract, the measure of damages, except where otherwise expressly provided by this Code, is the amount which will compensate the party aggrieved for all the detriment proximately caused thereby, or which, in the ordinary course of things, would be likely to result therefrom." Cal. Civ. Code § 3300. These damages "'compensate[ ] the party not in default for the loss of his 'expectational interest' – the benefit of his bargain which full performance would have brought.'" Sharabianlou v. Karp, 181 Cal.App.4th 1133, 1144-45 (2010) (brackets in original); see Strebel v. Brenlar Invs., Inc., 135 Cal.App.4th 740, 748 (2006) (damages under Cal. Civ. Code § 3300 "tend[] to give the injured party the benefit of his bargain and insofar as possible to place him in the same position he would have been in had the promisor performed the contract"). Here, plaintiff seeks contractual damages of $1,250,000, (see Dkt. 40, Memorandum of Points and Authorities ("Memo") at 12); (Dkt. 1, Complaint at ¶¶ 43-60), which is the amount it deposited pursuant to the SPA.[3] (See Dkt. 1, Complaint at ¶ 46); (Dkt. 40-1, Declaration of Marita Leung [] ("Leung Decl.") at ¶ 6); (Dkt. 40-4, Wire Receipt).

---

[3] Because the court finds that plaintiff has stated a breach of contract claim, the court need not address the remaining claim.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-2166 FMO (AFMx) | Date | February 28, 2023 |
|---|---|---|---|
| Title | Million Source Limited, Inc. v. Plastic-View A.T.C., Inc., et al. | | |

D.  The Possibility of a Dispute Concerning Material Facts.

Upon entry of default, the well-pled allegations in the operative complaint are taken as true, except those relating to damages.  See TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987).  In addition, "[t]he district court is not required to make detailed findings of fact." Fair Hous. of Marin v. Combs, 285 F.3d 899, 906 (9th Cir. 2002).  Since Lenny Ventures never appeared in this action, it is unclear whether there would be any genuine dispute over material facts.

E.  Whether the Default was Due to Excusable Neglect.

Excusable neglect is an equitable concept that takes account of factors such as "prejudice, the length of the delay and impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith."  TCI Grp. Life Ins. Plan v. Knoebber, 244 F.3d 691, 696 (9th Cir. 2001) (quoting Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395, 113 S.Ct. 1489, 1498 (1993)), overruled on other grounds by Egelhoff v. Egelhoff ex rel. Breiner, 532 U.S. 141, 121 S.Ct. 1322 (2001).  Here, there is no evidence that Lenny Ventures failed to defend this action due to excusable neglect.  Lenny Ventures received notice of the Complaint, (see Dkt. 35-4, Proof of Service), and has failed to respond or otherwise defend itself despite having notice of this action.[4]  (See, generally, Dkt.).  In short, this factor weighs in favor of default judgment.

F.  The Strong Policy Favoring Decisions on the Merits.

"Cases should be decided upon their merits whenever reasonably possible."  Eitel, 782 F.2d at 1472.  However, "this preference, standing alone, is not dispositive."  Kloepping v. Fireman's Fund, 1996 WL 75314, *3 (N.D. Cal. 1996).  Lenny Ventures' failure to answer the Complaint makes a decision on the merits impractical, if not impossible.  See PepsiCo, Inc., 238 F.Supp.2d at 1177.  Under Fed. R. Civ. P. 55(b), termination of a case before hearing the merits is allowed whenever a defendant fails to defend an action.  The court, therefore, finds that entry of default judgment is appropriate in this action.

G.  Summary of Eitel Factors.

On balance, the Eitel factors weigh in favor of granting default judgment.  The court addresses plaintiff's requested remedy below.

III.  REMEDIES.

As discussed above, plaintiff seeks contractual damages in the amount of $1,250,000, (Dkt.

---

[4] Lenny Ventures was also served with the Motion, (see Dkt. 40-20, Declaration of Jessica P.G. Newman at ¶ 12), and did not respond.  (See, generally, Dkt.).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-2166 FMO (AFMx) | Date | **February 28, 2023** |
|---|---|---|---|
| Title | **Million Source Limited, Inc. v. Plastic-View A.T.C., Inc., et al.** | | |

40, Memo at 12), which is the amount of plaintiff's lost deposit. (See Dkt. 40-1, Leung Decl. at ¶ 6); (Dkt. 40-4, Wire Receipt). In addition, plaintiff seeks prejudgment interest in the amount of $127,260.26 for the period from January 20, 2022 (the date Lenny Ventures should have obtained the bank guarantee) and January 25, 2023 (the filing date of the Supp. Br.), plus a daily rate of $376.71 until judgment is entered against Lenny Ventures. (See Dkt. 40, Memo at 16); (Dkt. 40-20, Declaration of Jessica P.G. Newman in Support of Motion for Entry of Default Judgment at ¶ 10); (Dkt. 67-1, Supplemental Memorandum in Support of Motion for Default Judgment at 3); Cal. Civ. Code § 3287. Because plaintiff "prayed for prejudgment interest in the Complaint, [it] is . . . entitled to seek it now." BMO Harris Bank N.A. v. Flores, 2018 WL 5858604, *2 (C.D. Cal. 2018); Cal. Civ. Code § 3289(b) ("If a contract entered into after January 1, 1986, does not stipulate a legal rate of interest, the obligation shall bear interest at a rate of 10 percent per annum after a breach."); (see Dkt. 1, Complaint at Prayer for Relief). Accordingly, the court will award $140,068.40 in prejudgment interest. Plaintiff also seeks post-judgment interest at "10% per annum from the date of entry of judgment until paid." (Dkt. 40, Memo at 17). The court awards post-judgment interest pursuant to 28 U.S.C. § 1961.

Finally, plaintiff seeks $3,316.76 in costs, (Dkt. 40, Memo at 17), which the court finds were reasonably incurred. (See Dkt. 40-20, Newman Decl. at ¶ 11).

**This Order is not intended for publication. Nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

**CONCLUSION**

Based on the foregoing, IT IS ORDERED THAT:

1. Plaintiff's Motion for Entry of Default Judgment Against Defendant Lenny Ventures, LLC **(Document No. 40)** is **granted**.

2. Judgment shall be entered in favor of Million Source Limited, Inc. and against Lenny Ventures, LLC, in the total amount of $1,250,000 in damages. Lenny Ventures is also ordered to pay costs in the amount of $3,316.76, prejudgment interest in the amount of $140,068.40, and post-judgment interest pursuant to 28 U.S.C. § 1961(a).

3. Plaintiff shall serve defendant with a copy of this Order and the Judgment filed contemporaneously with the filing of this Order in such a manner as to make them operative in any further proceedings.

| | Initials of Preparer | gga |
|---|---|---|